UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMS SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUB INTERNATIONAL NORTHWEST, LLC, a Washington limited liability company,<br><br>Defendant. | CASE NO. 11-cv-00336-MJP<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND FOR LEAVE TO FILE EXCESS PAGES |

This matter comes before the Court on Plaintiff's motions for reconsideration and leave to file excess pages. (Dkt. Nos. 58, 60.) Having reviewed the motion for reconsideration (Dkt. No. 58), the Court's March 6, 2012 Order (Dkt. No. 56), Plaintiff's motion for leave to file excess pages (Dkt. No. 60), the parties' summary judgment briefs (Dkt. Nos. 34, 40, 44, 48, 51, 53), and all related papers, the Court DENIES Plaintiff's motion to file excess pages and DENIES Plaintiff's motion for reconsideration as it fails on the merits and is over-length.

**Discussion**

A. Standard

Under Local Rule 7(h), "[m]otions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration should not be used to ask the court "to rethink what the court ha[s] already thought through." In re America West Airlines, Inc., 240 B.R. 34, 38 (Bankr. D.Ariz.1999); see also Union Pac. R.R. Co. v. Coast Packing Co., 236 F. Supp. 2d 1130, 1137 (C.D. Cal. 2002) (holding that a motion for reconsideration may not repeat "any oral or written argument").

B. Motion for Reconsideration

Plaintiff requests the Court reconsider its decision and argues the Court erred in finding: (1) a broker is not subject to a heightened standard of care, (2) a special relationship is needed to hold a broker to a heightened standard of care, (3) there was no special relationship between the parties, and (4) the service agreement did not impose a duty on Defendant. None of these arguments are new.

    a. Duty of Brokers and Agents

Plaintiff argues the Court erred in not finding a heightened standard of care applies to insurance brokers. (Dkt. No. 58 at 7-8.) This argument repeats those already presented on summary judgment. (Dkt. 48 at 3-4.) As the Court previously determined, Washington courts do not distinguish between insurance brokers and agents when determining the basic duty of insurance professionals and use the terms broker and agent interchangeably. See AAS-DMP Mgmt., L.P. Liquidating Trust v. Acordia Northwest, Inc., 115 Wn. App. 833, 839-40 (2003).

Plaintiff's reliance on AAS-DMP Mgmt. to argue insurance brokers should always be subjected to a heightened standard of care is faulty. In that case, the Washington Court of Appeals found the insurance broker owed its insured a heightened duty only after applying the special relationship test. Id. at 839. Plaintiff has presented no new facts or legal authority suggesting the Court erred in finding insurance brokers are not automatically subjected to a heightened standard of care.

   b.   Specific Duty of Brokers

Plaintiff's second argument is closely related to the previous argument. Plaintiff argues the Court erred in its application of the special relationship to determine a broker's standard of care. Plaintiff believes an insurance intermediary should be held to a heightened standard of care regardless of a special relationship. (Dkt No. 58 at 2-7.) However, as Plaintiff admits, there is no law supporting its position. (Dkt. No. 58 at 6.) As stated in the Court's order, a broker generally has no duty to procure a policy affording the client complete liability protection. (Dkt. No. 56 at 4); Suter v. Virgil R. Lee & Son, Inc., 51 Wn. App. 524, 528 (1988). Washington courts use the special relationship test to determine whether an insurance agent or broker has a heightened duty to their clients. Peterson v. Big Bend Ins. Agency, 150 Wn. App. 504, 515 (2009); AAS-DMP Mgmt., 115 Wn. App. at 840. The two cases Plaintiff relies on to argue the special relationship test does not apply are factually distinct and/or do not involve a negligence claim. See Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc., 170 Wn.2d 442, 449 (2010) (considering an engineer's duty of care when hired to maintain the Seattle monorail); St. Paul Fire & Marine Ins. Co. v. Onvia, Inc., 165 Wn.2d 122, 129 (2008) (involving a bad faith claim, not a negligence claim). Neither case is persuasive in showing the Washington Supreme Court intends to abandon the special relationship doctrine in duty cases involving insurance brokers and agents. Plaintiff has not

presented new information or legal authority showing the Court erred in applying the special relationship test. Therefore, the Court did not commit manifest error.

### c. Special Relationship Test

Plaintiff also argues the Court erred in applying the special relationship test and finding there was no special relationship. (Dkt. No. 58 at 8-11.) This argument repeats those already presented. (Dkt. No. 48 at 9-16.) Plaintiff argues it paid Defendant separately for consultation and advice about insurance limits and thus satisfied the first prong of the special relationship test. (Dkt. No. 58 at 8-9; Dkt. No. 56 at 5.) The Court disagreed and found Plaintiff's payment of a higher price to retain Defendant was not a special fee paid aside from the premium. (Dkt. No. 56 at 5.) Further, Plaintiff contends the Court should have considered third party NII's relationship with Defendant to establish a special relationship. (Dkt. No. 56 at 5-6; Dkt. No. 58 at 10-11.) None of these arguments are new and Plaintiff still fails to cite any Washington authority holding that a special relationship can be established via a third party. (Dkt. No. 56 at 5-6; Dkt. No. 58 at 10-11.) Therefore, the Court did not manifestly err in finding that Plaintiff did not meet the requirements for establishing a special relationship.

### d. Contract

Plaintiff argues the Court erred in finding the Service Agreement did not impose a duty on Defendant. (Dkt. No. 58 at 11-15.) Plaintiff believes that "the very existence of the contract resolves the question of duty" and the Court erred in finding the statement that Defendant would "review contracts to assure adequacy of coverage in relation to exposures and contract requirements, as needed" in the Service Agreement did not impose a duty on Defendant to always review contracts. (Dkt. No. 58 at 12-13.) Plaintiff's argument amounts to little more than a disagreement with the Court's interpretation of the contract. To the extent Plaintiff argues the mere existence of the contract precludes Defendant's summary judgment motion, Plaintiff continues to blur the

line between tort and contract. The Court declines to turn Plaintiff's negligence cause of action into a breach of contract case. Although Plaintiff may disagree, the Court did not err in finding the Service Agreement did not confer a duty on Defendant to review contracts that are not presented for review.

C. <u>Motion for Leave to File Excess Pages</u>

The Court denies Plaintiff's motion for leave to file excess pages. (Dkt. No. 60.) In its motion for reconsideration, Plaintiff reargued the same facts and points of law as it did in its response to Defendant's motion for summary judgment. Therefore, Plaintiff did not need excess pages to present new information and arguments to the Court.

**Conclusion**

The Court DENIES Plaintiff's motions for reconsideration and leave to file excess pages because Plaintiff is rearguing the same facts and points of law as it did in its response to Defendant's motion for summary judgment. The Court did not err in its decision to grant summary judgment for Defendant.

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>13th</u> day of April, 2012.

                                            Marsha J. Pechman
                                            United States District Judge